MARKWIN REALTY CORPORATION, Plaintiff, Appellant, *v.* " JOHN " GEISLER, First Name Fictitious, Real First Name Unknown to Plaintiff, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, March, 1924.

Landlord and tenant — emergency rent laws (Laws of 1920, chap. 944) — action by landlord in city of New York to recover increased rent of building having stores on ground floor and apartments on floors above — in calculating rent ground floor should be considered as apartments similar to those on upper floors.

In an action by a landlord in the city of New York to recover increased rent of a building having stores on the ground floor and apartments on the upper floors the court, in order to apply the rule laid down in *Hall Realty Co.* v. *Moos,* 200 App. Div. 66, permitting a return of eight per cent on the investment of an owner of real property used for dwelling purposes, must ignore the rent received from the stores and must treat the building as one consisting of dwelling apartments exclusively by considering the ground floor as consisting of apartments similar to those on the upper floors.

The purpose of the requirement of the emergency rent laws (Laws of 1920, chap. 944) providing that the bill of particulars to be filed by the landlord in an action for rent shall set forth, among other things, the gross income derived from the building, the number of apartments and rooms in each, also the number of stores in the building and the rents received from the same during the year last past, was to place before the court a complete picture of the existing conditions with no intent of limiting the landlord as to the amount of rent he might demand for the stores; such requirement is not the equivalent of including the business portion of a building of the kind in question within the rent laws.

APPEAL by plaintiff from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying

plaintiff's motion for a new trial, entered in the Municipal Court of the city of New York, borough of Manhattan, ninth district.

*Wolf & Kohn* (*Sol Kohn* and *Charles L. Grad*, of counsel), for appellant.

*Samuel Lax*, for respondent.

LYDON, J.   This case involves the question of the relation of stores on ground floor to the apartments above, under the rent laws.

Plaintiff, landlord, in this action to recover an increased rent appeals from the judgment in favor of the landlord for the old rent.   The landlord sued to recover forty dollars a month rent. The tenant was paying thirty-two dollars.   Nine other cases are to abide the event.

Plaintiff owns premises 1128 and 1130 Park avenue, improved with two five-story brick buildings.   There are two stores on the ground floor of 1128 and one in 1130.   On each of the upper floors of both buildings there are two apartments consisting of five rooms each.   The two buildings are operated as one unit.

The trial judge charged the jury that in a building where there are stores below and apartments above, the landlord is limited to a return of eight per cent on his investment; that in order to determine whether or not the tenant of an apartment was paying a reasonable rent, they might add the cost of maintenance to the sum which represented eight per cent on the assessed valuation, and from that total deduct the rent of the stores; that as there were sixteen apartments of five living rooms each, or eighty living rooms, divide the last total by eighty and by twelve, and that result would give the room unit value per month.

The method of calculation is objectionable as it is unfair to the landlord to allow the tenant the benefit of the rent of the stores, as the rental value of the dwelling parts would increase or decrease according to the return of the stores, and might lead to the absurdity of reducing the apartment rental to a nominal figure if the store rents were substantially increased, whereas the statute provides that the tenant of a dwelling must pay a fair and reasonable rent.   The unfairness of the rule adopted below is easily illustrated if applied to some of the apartments on Fifth avenue or Broadway, below which there are stores.

It was not the intention of the legislature to restrict the freedom of contract as to business premises, and as to premises used for dwelling purposes the restriction is only to a sum which represents a fair and reasonable rental value.   It is true that chapter 944 of the Laws of 1920 specifies that the bill of particulars to be filed by the landlord, in an action for rent, where the defense set up is

that such rent is unjust and unreasonable, shall set forth among other things the gross income derived from the building, the number of apartments and rooms in each, also the number of stores in the building, and the rents received for same during the year last past. But that requirement was not the equivalent of including the business portion of a building of this kind within the rent laws. The purpose of that requirement was to put before the court a complete picture of the conditions existing in each such case, with no intent either of limiting the landlord as to the amount of rent he might demand for the stores, or, that by reason of the presence of the stores, the tenants of the apartments above might pay less than a reasonable rent. After such bill of particulars is furnished the item of income is totally disregarded in determining what the fair and reasonable rent amounts to, under the rule laid down in *Hall Realty Co.* v. *Moos,* 200 App. Div. 66. It is difficult to fix a sound rule for calculating the amount of rent which a landlord of such a building may receive under the statute, because this legislation has excluded the consideration of the fundamental economic law of supply and demand. It remains, therefore, to find some method which is practical and uniform, as well as reasonably just, to both the landlord and the tenant, and which excludes consideration of the business portion of the premises. Each apartment must produce a rental which shall amount to its proportionate share of the sum which would be a fair return on the landlord's investment exclusive of the business portion. The rule laid down in *Hall Realty Co.* v. *Moos, supra,* permits a return of eight per cent on the investment of an owner of real property used for dwelling purposes. In order to apply that rule to the premises in question we think that the rent received from the stores should be ignored and the building considered as one consisting of dwelling apartments exclusively, by considering the ground floor as consisting of apartments similar to those on the upper floors. This method has the advantage of uniformity and " would result in the establishment of a fairly uniform scale of rentals of similar apartments," as was said by Mr. Justice Greenbaum in *Hall Realty Co.* v. *Moos, supra,* in speaking of the principle therein laid down by him. In the great majority of cases it would not be necessary to change the expense or maintenance account in so far as the ground floor is concerned in the interest of the tenant, as the maintenance account applicable to the store portions is usually less proportionately than that chargeable to the apartments. Applying this rule to the instant case we find that the unit value of the rooms would be eight dollars and ten cents to eight dollars and thirty cents, and the monthly rental for a five-room apartment

forty-one dollars and fifty cents. The landlord demanded forty dollars a month, which to my mind is fair and reasonable. Judgment should be modified by increasing the amount thereof to the sum of eighty dollars, rent for the two months, with costs in the court below, and as so modified affirmed, with five dollars costs.

BIJUR and MULLAN, JJ., concur.

Judgment modified, and as so modified affirmed, with five dollars costs.