WARWICK CORPORATION, Plaintiff, Appellant, *v.* "FRANCIS" BRAUNFIELD, Real First Name Unknown, "FRANCIS" Being Fictitious, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, November 21, 1924.

**Landlord and tenant — action for reasonable rental of apartment in building containing stores involving rental of fifteen other houses — plaintiff should file separate bill of particulars as to each house — buildings should be considered as consisting of dwelling apartments exclusively — rent from stores should be ignored.**

Where in an action to recover the reasonable rental of an apartment, involving the fixing of the rental of fifteen other houses, it appears that there are stores

in some of the houses, and that the plaintiff in his bill of particulars has given the total assessed valuation and all of the receipts and expenses of the sixteen houses, the court cannot fix a reasonable rental.

The plaintiff should file a separate bill of particulars as to each house apportioning the expenses as nearly as may be where they were incurred in respect to two or more houses.

In such an action it is reversible error for the trial court in fixing the rent of a particular tenant to fail to follow the rule that where there are one or more stores in the building the rent therefrom must be ignored and the building considered as one consisting of dwelling apartments exclusively.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

*Henry S. Mansfield*, for the appellant.

*Paul T. Kammerer, Jr.*, for the respondent.

*Per Curiam.* This suit is to recover the reasonable rental of an apartment situated in premises 772 Third avenue of which premises the plaintiff, landlord, is lessee. The fixing of the rental of fifteen other houses included in the same lease to plaintiff, landlord, is also involved in this appeal. Eight of the sixteen houses are on Third avenue, and the lots upon which they stand are twenty-five feet in front on the avenue by seventy-five feet in depth. Of the remaining eight houses four are on East Forty-seventh street and four on East Forty-eighth street, and the lots upon which these houses are built are seventeen feet six inches in width by one hundred feet in depth. The plaintiff testified that " 10 of these houses have what you call flats, single flats, and the Avenue houses have double floors, two families on a floor; one is supposed to be tenements and the other flats." There are two stores in some of the houses, one in others and some of the houses have no stores. There is no separate statement in the bill of particulars as to valuation, income and expenses as to premises No. 772 Third avenue or as to any other particular house. Plaintiff has bulked in his bill the total assessed valuation and all of the receipts and expenses of the sixteen houses. Under the circumstances we cannot fix a reasonable rental. As it is evident, however, that the trial judge in fixing the rent of this particular tenant in premises 772 Third avenue, in which there is one or more stores, did not follow the rule laid down in *Markwin Realty Corp.* v. *Geisler*, 122 Misc. Rep. 697; affd., 210 App. Div. 845, the judgment must be reversed, without costs, and a new trial ordered, with leave to plaintiff to file a separate bill of particulars as to each house, apportioning the expenses as nearly as may be where they were incurred in respect to two or more houses.

All concur; present, BIJUR, MULLAN and LEVY, JJ.