EDWARD MUSHEKIAN, Plaintiff, v. THOMAS REILLY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Part II, Fifth District, February 13, 1925.

Landlord and tenant — fair return on value of real property — motion by landlord to set aside verdict of jury in action to recover increased rental of apartment in building having stores on ground floor — calculation of rents predicated upon consideration of ground floor as apartments similar to those on upper floor — motion denied.

Plaintiff's motion to set aside the verdict of a jury, in an action to recover increased rental of an apartment in a building having stores on the ground floor, as being contrary to the law and the evidence, should be denied, where it appears that the rent received by the landlord, together with the other rents received by him, excluding the rental for the stores and allowing him a rental for that portion of the building as though it were laid out in apartments, is, in view of the evidence, a fair net return upon his property.

ACTION to recover increased rental of an apartment in a building having stores on the ground floor.

*Morris E. Gossett*, for the plaintiff.

*Worcester, Williams & Saxe* [*William J. O'Shea, Jr.*, of counsel], for the defendant.

PANKEN, J.:

This action was tried before this court and a jury. The jury returned a verdict in favor of the plaintiff for an amount equal to that paid by the defendant for the month preceding the month for which the action herein was brought.

The plaintiff claimed that he was entitled to an increase in the rent over and above the rental theretofore paid by the defendant to enable him to obtain a fair return on the value of the property.

The rental paid by the defendant herein and which was found to be a fair rental by the jury was fixed and determined to be fair in a prior action involving the same premises.

The plaintiff claimed a change in condition since the judgment entered in the prior action, and there was evidence introduced in support thereof and concessions made by the defendant strengthened that contention. The conceded change of circumstances was the result of an increase in the assessed value of the property for the purpose of taxation.

The question before me is whether or not the verdict rendered by the jury should be set aside as being contrary to the evidence in the case and contrary to the law.

This matter has received careful consideration and thought at my hands. I have been unable to find any case directly in point upon the questions that present themselves on this application.

The plaintiff, arguing that the verdict of the jury should be set aside, urges, in support thereof, a decision by Mr. Justice LYDON in the case of *Markwin Realty Corp.* v. *Geisler* (122 Misc. 697), which was the unanimous decision of the Appellate Term and affirmed by the Appellate Division (210 App. Div. 845).

It would appear that the rent roll of the premises involved herein nets a fair return on the value of the property to the plaintiff. The rent return, however, includes the rental collected for stores on the ground floor of the building in question.

In *Markwin Realty Corp.* v. *Geisler* (*supra*) the court says: " The rule laid down in *Hall Realty Co.* v. *Moos* (200 App. Div. 66) permits a return of eight per cent on the investment of an owner of real property used for dwelling purposes. In order to apply that rule to the premises in question we think that the rent received from the stores should be ignored and the building considered as one consisting of dwelling apartments exclusively, by considering the ground floor as consisting of apartments similar to those on the upper floors. This method has the advantage of uniformity and ' would result in the establishment of a fairly uniform scale of rentals of similar apartments,' as was said by Mr. Justice GREEN-BAUM in *Hall Realty Co.* v. *Moos* (*supra*) in speaking of the principle therein laid down by him."

To fix a rental to afford a fair return on the value of the property the value of the property must be fixed. In determining the value of the property the assessed valuation is presumptive evidence of its value. In assessing the value of the property for tax purposes the character of the improvement is a necessary consideration. I cannot be blind to the fact that realty values are often determined by the rent roll so that the value of realty increases with the increased return and decreases in value with a decreased return.

Store property, that is, property which is used for commercial purposes in part and in part for dwelling purposes, in some localities

might by reason of the enhanced return be more valuable than property used for dwelling purposes exclusively.

The decision in *Markwin Realty Corp.* v. *Geisler* has received at the hands of some members of the bar an interpretation which, in my judgment, was not intended by the court. Several cases have been submitted to me since that decision in which it was argued that in property used for commercial purposes in part the portion thus used, without any regard as to the effect upon the value of the property or its maintenance charge, is to be credited with a rental commensurate to that received for the portion used for dwelling purposes. To me that seems an erroneous construction of the decision, and contrary to the weight of authority. A consideration of the facts in the case before me shows that that could not have been the intention of the Appellate Term and Appellate Division.

In this case the plaintiff called as a witness Mr. Benjamin Winter, who is a man of large experience in real estate matters, and whose testimony in this case is without doubt based upon his experience and represents his honest opinion.

Mr. Winter testified that the value of the property in question would be twelve and one-half per cent less if the ground floor was laid out as dwelling apartments instead of stores.

I do not know whether in *Markwin Realty Corp.* v. *Geisler* (*supra*) the court had before it testimony of the nature given by the witness Winter. From a reading of the decision it would seem it had no such testimony before it, for the court therein said: " In the great majority of cases it would not be necessary to change the expense or maintenance account in so far as the ground floor is concerned in the interest of the tenant, as the maintenance account applicable to the store portions is usually less proportionately than that chargeable to the apartments."

It seems to me that the only question raised in the *Markwin* case was whether or not the maintenance account was increased by reason of the fact that part of the building was used for commercial purposes, and as to that the court says that the usual charge would be reduced rather than increased, but does not, as a matter of law, hold that in all cases the maintenance charge would be reduced.

It is conceivable, and it is also probable, that maintenance charges would increase by reason of using part of the building for commercial or store purposes. More coal might be consumed to heat a store, which has doors to the street, than to heat an apartment where there are doors into an inclosure. It is also possible that redecorating a store would be more costly than redecorating

an apartment. It is possible that in store property the insurance rates, as far as plate glass is concerned, would be greater, and the character of the business conducted in stores might constitute a greater fire hazard and fire insurance rates would be thereby increased.

The court in *Markwin Realty Corp.* v. *Geisler* does not pass upon these questions. They were not in all probability matters before the court.

It is quite evident it was not the intent of the Appellate Term to lay down a rule of law which would ignore a situation as has developed in this case and which might develop in other cases of this character.

As I understand it, the rule laid down in the *Markwin* case means that in fixing the rental value of apartments occupied by tenants in order to afford the landlord a fair return on the property the rent received from stores should be ignored. If, however, it appears that the taxes paid by the owner of property are greater by reason of the increased value due to part of it being used for store purposes, and the cost of maintenance in other respects increased thereby, it would be inequitable to require the tenants to pay a rental to meet the increased cost of maintenance, and also to afford the owner a fair return on the increased value of the property by reason of the premises being used in part for commercial purposes, which brings a higher rent than it would had the ground floor been used for dwelling purposes.

The jury had the benefit of testimony as to the value of the property, as well as the presumptive evidence indicated by the tax receipts. It was within the province of the jury upon all of this testimony to find the value of the property, making such allowances for increased value by reason of its being used in part for commercial purposes.

It would be well to point out that the rule laid down in *Brooklyn Borough Gas Co.* v. *Pub. Serv. Comm.* (17 State Dept. Rep. 81, 98, 99) by Honorable CHARLES E. HUGHES, referee, and quoted in *Hall Realty Co.* v. *Moos* (200 App. Div. 66, 71), which reads: " To base rates upon a plant valuation simply representing a hypothetical cost of reproduction at a time of abnormally high prices, due to exceptional conditions, would be manifestly unfair to the public," is just and fair.

Mr. Justice GREENBAUM said in *Hall Realty Co.* v. *Moos:* " What such a percentage should be is not readily determinable. It would necessarily vary with market fluctuations of the rates of interest or returns on other classes of investments. There is, however, a limit which we believe impartial thinkers will agree should not be

exceeded, giving due heed to prevailing financial and industrial conditions.    It seems to us that the fair net return on the valuation of unincumbered properties under existing circumstances should be eight per cent."

There has arisen a misconception as to the purport of the rule cited above.    It is commonly accepted that eight per cent under all circumstances constitutes a fair return on unincumbered property.

While there is an expression of a court that that would be a fair return, it is modified by the statement that the percentage is not readily determinable; every case must be decided in the light of the evidence submitted and, also under *Hall Realty Co.* v. *Moos*, in accordance with the varying market fluctuations of the rates of interest.

It does seem to me, upon all the evidence in the case, that the rent received by the landlord herein from the tenant, together with the other rents received by him, excluding the rental for the stores and allowing him a rental for that portion of the building as if it was laid out in apartments, is a fair net return upon his property in the light of the evidence that the value of the property by reason of its being used for store purposes is much less than the assessed value, and which necessarily increases the taxes and insurance charged against the maintenance account.

Motion denied.